**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**OCT 7 1998**

**PATRICK FISHER**
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROBERT RANDALL WARD,

       Defendant-Appellant,

   and

MID-AMERICA CHEMICAL, INC.,

       Defendant.

No. 97-6397
(D.C. No. 97-CR-48)
(W.D. Okla.)

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROBERT RANDALL WARD,

       Defendant,

   and

MID-AMERICA CHEMICAL, INC.

       Defendant-Appellant.

No. 97-6415
(D.C. No. 97-CR-48)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

In these consolidated direct criminal appeals, defendants challenge the fines imposed by the district court pursuant to 18 U.S.C. § 3571. On appeal, defendants argue that the fines are excessive and unsupported by the record, and that the district court did not consider the factors required under 18 U.S.C. § 3572 and clearly erred in finding that defendants' financial documentation was unreliable. This court reviews the imposition of a fine only for an abuse of discretion, and the district court's findings of fact for clear error. See United States v. Trujillo , 136 F.3d 1388, 1398 (10th Cir. 1998), cert. denied , ___ U.S.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

___ (Oct. 5, 1998) (No. 97-8977). Having jurisdiction to consider these appeals under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

Defendant Robert Randall Ward is the sole owner of Defendant Mid-America Chemical, Incorporated. Mr. Ward pled guilty to one count of possessing iodine with the knowledge that recordkeeping and reporting requirements had not been met, in violation of 21 U.S.C. §§ 830, 841(g)(2). The district court sentenced Mr. Ward to five years' probation and fined him $25,000. On behalf of his corporation, Mr. Ward pled guilty to one count of distributing chemicals and equipment that could be used to manufacture methamphetamine, while having reasonable cause to believe that the materials would be so used, in violation of 21 U.S.C. § 843(a)(7), and one count of distributing iodine while having reasonable cause to believe that the chemical would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2). The district court sentenced the corporation to five years' probation and fined it $200,000.

In light of the inconsistencies in the financial documentation provided by defendants, as well as the inability of Mr. Ward to explain those inconsistencies, the district court's finding that defendants' financial documentation was unreliable was not clearly erroneous. Further, in imposing these fines, the district court expressly stated that it had considered the requisite § 3572(a) factors, and

the record supports this assertion.    See Trujillo , 136 F.3d at 1398.  The sentencing court is not required to make specific findings of fact as to each of the relevant factors.  See id.  Having reviewed the record and the parties' appellate arguments, we cannot say the district court abused its discretion in imposing these fines.

We, therefore, AFFIRM the judgments of the United States District Court for the Western District of Oklahoma.

Entered for the Court


Monroe G. McKay
Circuit Judge